## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.   **SHONTRAL FARRIER,** | ) | |
| | ) | |
|      **Plaintiff,** | ) | |
| **v.** | ) | **CIV-18-279-SLP** |
| | ) | |
| 1.   **PEOPLEREADY, INC., a subsidiary** | ) | **ATTORNEY LIEN CLAIMED** |
|      **of TRUE BLUE, INC.,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
|      **Defendant.** | ) | |

### AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Shontral Farrier, and for her Amended Complaint in the above-entitled action, alleges and states as follows:

### PARTIES

1.      Plaintiff, Shontral Farrier, is an adult female who resides in Oklahoma County, Oklahoma.

2.      Defendant, PeopleReady, Inc, a subsidiary of True Blue, Inc., is an entity doing business in Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3.      This is a cause of action arising out of Plaintiff's former employment with Defendant and is based on claims of: (a) age discrimination, harassment and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"); (b) race discrimination and retaliation in violation of 42 U.S.C. § 1981; and (c) race discrimination in violation of Title VII of the Civil Rights Act of 1964.

4.      This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331.

5.      All of the actions complained of herein occurred in or around Oklahoma County, Oklahoma.  Defendant is doing business in said county and regularly conducts business within the geographical area encompassed by the United States District Court for the Western District of Oklahoma.  Wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

6.      To the extent required, Plaintiff has exhausted her administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").  Plaintiff filed a Charge on or about March 7, 2018. Plaintiff received her Dismissal and Notice of Rights letter from the EEOC dated March 14, 2018, which was received by Plaintiff by mail thereafter.  Plaintiff has timely filed this action within ninety (90) days of her receipt of the notice of right to sue.

## STATEMENT OF FACTS

7.      Plaintiff was born in August 1972, making her over age 40 at all times relevant hereto.

8.      Plaintiff, Shontral Farrier, who is Black, began her employment with Defendant or about July 3, 2017.  Plaintiff was hired as a Customer Service Representative ("CSR").  She held this position throughout her employment until her wrongful termination on or about January 5, 2018.

9.      Throughout her employment, Plaintiff was a satisfactory, or better, employee. In fact, at no time prior to her termination was she written up or otherwise disciplined.

10.      Despite her stellar work record, Branch Manager Robert "Frank" Plumlee, who is White, terminated Plaintiff's employment on or about January 5, 2018.

11.      Plumlee claimed the reason for Plaintiff's termination was an alleged "outburst," but did not provide any details or ask Plaintiff any questions.

12.      After Plaintiff applied for unemployment benefits, Defendant stated that Plaintiff was terminated because she allegedly violated Defendant's Code of Conduct policy by threatening physical violence against another employee.

13.      Defendant also stated that Sr. HR Business Partner Dana Feldmann, rather than Plumlee, carried out Plaintiff's termination.  However, Defendant's allegations regarding the reason for Plaintiff's termination, as well as who carried it out, are false.  The claimed basis for Plaintiff's termination is pretext.

14.      Plaintiff did not engage in the acts of which she was accused.  At no time did Plaintiff physically threaten any of her co-workers.  And, at no time prior to her termination was she questioned about any such allegations.  This is so despite the fact that Defendant's policies state that Defendant "will undertake a … thorough investigation" into alleged violations of the Code of Conduct policy.

15.      Defendant's policies also provide for progressive discipline, which was not followed in Plaintiff's termination.  And, other significantly younger and/or non-Black

employees have actually violated Defendant's Code of Conduct policy yet they were not fired.

16.     Significantly, Plaintiff was terminated shortly after having complained that she was being unlawfully discriminated and retaliated against.

17.     More particularly, about two (2) weeks after Plaintiff was hired, she was receiving training from her direct supervisor, Rosa Gregory.  Plaintiff was in the process of taking notes when Gregory snidely commented that Plaintiff need not bother taking notes, stating that she (Gregory) would have to train Plaintiff more slowly because of Plaintiff's age, that individuals over age forty (40) do not learn as quickly.

18.     Aghast by Gregory's ageist remarks, Plaintiff told Gregory, "you know that's age discrimination." Plaintiff then reported Gregory's comments to Recruiting Supervisor Shayla James, who directed Plaintiff to Plumlee.  Plumlee told Plaintiff not to worry, that the matter would be taken care of, stating, "we know about her," referring to Gregory.

19.     Approximately two (2) days later, Plaintiff was called to meet with Plumlee, James and Market Manager Patty Bears, who is White.  Bears told Plaintiff she was aware of Plaintiff's complaint, but wanted Plaintiff to further explain what occurred.

20.     As such, Plaintiff recounted the event, telling Bears about the ageist comments Gregory made.  In response, Bears told Plaintiff that Gregory's comments were unacceptable. Yet, Gregory continued as Plaintiff's supervisor.  And, to Plaintiff's knowledge, Gregory was not disciplined.

4

21.    Thereafter, in or around August 2017, Gregory confronted Plaintiff about her complaint.  Gregory admitted she made age-based comments, but attempted to dismiss the remarks, stating that she had actually said that her college professor told her that individuals over age forty (40) learn more slowly.

22.    In response, Plaintiff told Gregory that Gregory had not made any mention of her professor at the time she made the ageist remarks.  And, one of Plaintiff's co-workers, who was present when the remarks were made, confirmed Plaintiff's account of the event.

23.    In or around this same time (i.e., in or around August 2017), Gregory began constantly nitpicking and attempting to intimidate Plaintiff.

24.    By way of example, on nearly a daily basis, Gregory followed Plaintiff to the time clock in the morning, encroaching on her personal space and staring at Plaintiff as she clocked in to work.  Gregory also mocked Plaintiff, often cocking her neck, as though to portray Plaintiff as stereotypical Black female.

25.    Gregory also constantly glared at Plaintiff throughout the day, without reason, saying nothing, as if to challenge Plaintiff to respond in some fashion.

26.    Gregory also sought to incite discord between Plaintiff and her co-workers, telling Plaintiff's co-workers (who were less-tenured and/or less-experienced) that Plaintiff earned more than them.

27.    Gregory, however, did not treat Plaintiff's similarly-situated co-workers (including, but not limited to Erin Russel, who is White and in her 20s; Amber Atkinson,

who is White and in her 30s; and Charlene Frazier, who was in her 30s) in this same fashion.

28.     Following the tone set by Gregory, Plaintiff's co-workers began ostracizing and ridiculing Plaintiff.   For example, Atkinson told Plaintiff that she was "gross."   And, Atkinson, Russell and Frazier constantly blamed Plaintiff (without justification) for tasks not being completed, often yelling at Plaintiff in the presence of others.

29.     Gregory and Plumlee witnessed the co-workers' verbal assaults on Plaintiff. And, Plaintiff complained to Plumlee, imploring that remedial action be taken.  Yet, Plumlee was dismissive of Plaintiff complaints, stating "everyone has bad days."

30.     As such, on or about October 16, 2017, Plaintiff contacted Defendant's ComplianceAlert hotline, complaining that she was being discriminated against based on her race and age, and retaliated against for having lodged an age discrimination complaint against Gregory.

31.     In or around late-November 2017, Plaintiff was told that her complaint could not be substantiated, but that her complaint did not matter anyway, as Gregory had voluntarily resigned and would soon be leaving her employment with Defendant.

32.     Just over one month later, on or about January 5, 2018, Plaintiff was fired.  In challenging Plaintiff's application for unemployment benefits, Defendant alleged that Plaintiff was fired for violating the Code of Conduct policy by physically threatening one of her co-workers.  However, such allegation is patently false.

33.     The reason given by Defendant for firing Plaintiff after she filed for

unemployment benefits is inconsistent with the reason Plumlee gave Plaintiff for her termination.

34.     Moreover, Plaintiff's younger and/or non-Black co-workers actually violated Defendant's Code of Conduct policy (including, but not limited to, Gregory based on *inter alia* her ageist comments).  Yet, they were not fired.

35.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered injuries described below.

## COUNT I:  ADEA

For first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

36.     The matters alleged above constitute violations of the ADEA in the form of age discrimination, harassment, and retaliation.

37.     Plaintiff is entitled to relief under the ADEA because, at all relevant times to this action, Plaintiff was over the age of forty (40); she was qualified for her job; she was terminated and her position was not eliminated.

38.     Further, Plaintiff is entitled to relief under the ADEA for age-based harassment, in that, looking at the totality of the circumstances, Plaintiff was subject to harassment which was pervasive or severe enough to alter the terms, conditions or privileges of her employment, and the harassment was age-based or stemmed from age-based animus.

39.    Plaintiff is also entitled to relief under the ADEA for retaliation because Plaintiff engaged in protected opposition to age discrimination; she suffered an adverse action subsequent to the protected activity; and a causal link exists between the protected activity and the adverse action.

40.    As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.  Plaintiff is also entitled to liquidated damages based upon Defendant's willful conduct in violating the ADEA.

<u>**COUNT II:  42 U.S.C. § 1981 Violations**</u>

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

41.    The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race discrimination and retaliation.

42.    Plaintiff is entitled to relief under federal law for race discrimination because, as stated herein, Plaintiff is Black; she was qualified for her job; she was terminated from her employment with Defendant; and her job was not eliminated.

43.    Plaintiff is also entitled to relief under federal law for race retaliation because Plaintiff engaged in protected opposition to race discrimination; she suffered an adverse action subsequent to the protected activity; and a causal link exists between the protected

activity and the adverse action.

44.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages.

45.     Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT III:  Title VII

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

46.     The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of race discrimination.

47.     Plaintiff is entitled to relief under federal law for race discrimination because, as stated herein, Plaintiff is Black; she was qualified for her job; she was terminated from her employment with Defendant; and her job was not eliminated.

48.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

49.     Because the actions of Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests this Court enter judgment in favor of

the Plaintiff and against Defendant and award compensatory damages, wage loss (including

back pay and front pay), emotional distress damages, liquidated damages, punitive damages,

together with any appropriate equitable relief, pre- and post-judgment interest, costs and

attorney's fees, and all other damages recoverable as to the above-listed claims.

**RESPECTFULLY SUBMITTED THIS 27th DAY OF NOVEMBER, 2018.**

s/ Jana B. Leonard
**JANA B. LEONARD, OBA # 17844**
**SHANNON C. HAUPT, OBA # 18922**
**LEONARD & ASSOCIATES, P.L.L.C.**
**8265 S. Walker**
**Oklahoma City, Oklahoma 73139**
**(405) 239-3800 (telephone)**
**(405) 239-3801 (facsimile)**
**leonardjb@leonardlaw.net**
**johnstonlw@leonardlaw.net**
**haupts@leonardlaw.net**

## CERTIFICATE OF SERVICE

This is to certify that on this 27th day of November, 2018, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Electronic Mail Notice List:        The following are those who are currently on the list to receive e-mail notices for this case.

Jana B. Leonard leonardjb@leonardlaw.net; dorfflert@leonardlaw.net
Shannon C. Haupt haupts@leonardlaw.net; dorfflert@leonardlaw.net
Elizabeth R. Sharrock esharrock@piercecouch.com
Jeffrey C. Henderickson jhenderickson@piercecouch.com
(No manual recipients)

s/Shannon C. Haupt
